UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANCY CUMMINGS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MARY E. BRANTLEY HALE,<br><br>    Defendant. | Case No. 15-cv-04723-JCS<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR SERVICE BY PUBLICATION**<br><br>Re: Dkt. Nos. 31, 32 |

## I.  INTRODUCTION

Relator Yancy Cummings brings claims on her own behalf and qui tam claims on behalf of the United States against her former landlord, Defendant Mary Brantley Hale.  The United States has declined to intervene.  The Court granted Cummings's application to proceed in forma pauperis and ordered service of process by the United States Marshal, but the Marshals Service failed to locate Hale at a number of addresses provided by Cummings.  Cummings now moves for service by publication.  The Court finds the matter suitable for resolution without oral argument and VACATES the hearing set for September 23, 2016.  For the reasons stated below, Cummings motion is DENIED without prejudice to filing a renewed motion no later than October 4, 2016.

A case management conference will occur on November 18, 2016 at 2:00 PM in Courtroom G.  Relator—or the parties jointly, if Hale has then appeared—shall file a case management statement no later than November 14, 2016.

## II.  BACKGROUND

After the Court ordered service by the United States Marshal, *see* dkt. 15, Cummings initially submitted a single address at which to serve Hale: 2814 Ingalls Avenue in San Francisco. Dkt. 17-1.  A deputy who attempted to serve Hale at that address reported that although Hale owned the building, she did not reside there and the occupant did not know where Hale could be

found. Dkt. 19. Cummings's counsel purchased two reports from an investigative service in an attempt to locate Hale and submitted a list of eleven possible addresses. Hain Decl. (dkt. 31-1) ¶ 2 & Exs. 1-6, 2; *see also* dkt. 20 (list of addresses). At a case management conference on April 22, 2016, Cummings's counsel identified four of those addresses as the most promising candidates for finding Hale, and the Clerk subsequently issued summons for Hale at those addresses. *See* Minute Order (dkt. 21); Case Mgmt. & Pretrial Order (dkt. 22); Summons (dkt. 23). Deputy marshals attempted to serve Hale at those addresses and to contact Hale's daughter via telephone without success. Summons Returned Unexecuted (dkt. 26); Hain Decl. ¶¶ 3−8. Cummings's counsel spoke to Hale's daughter via telephone, who told him that Hale was currently in Kansas but refused to provide a telephone number or address for Hale. Hain Decl. ¶ 10. Hale's daughter told counsel that she would inform Hale of this lawsuit. *Id.*

## III. ANALYSIS

### A. Legal Standard

The Federal Rules of Civil Procedure allow service of process as permitted by "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). California permits service by publication "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in" Article 3 of the California Code of Civil procedure. Cal. Civ. Proc. Code § 415.50(a). Other methods specified in that article include personal service, substitute service on a person found at the defendant's usual residence or place of business and subsequent mailing, service by mail with confirmation of receipt, and service by mail on defendants outside the state of California. *See Pac. Bell Tel. Co. v. 88 Connection Corp.*, No. 15-CV-04554-LB, 2016 WL 946132, at *2 (N.D. Cal. Mar. 14, 2016) (citing Cal. Civ. Proc. Code §§ 415.10, 415.20, 415.30, 415.40).

> [T]he least likely [method of service] to succeed in notifying the defendant of an action against him is service by publication. For this reason, a court must first be convinced that the party to be served "cannot with reasonable diligence be served in another manner specified in [Article 3]." (§ 415.50.) "If a defendant's address is

> ascertainable, a method of service superior to publication must be employed, because constitutional principles of due process of law, as well as the authorizing statute, require that service by publication be utilized only as a last resort." (*Watts v. Crawford*, [10 Cal. 4th 743, 749 n.5 (1995)]). In this context, "'[t]he term "reasonable diligence" . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney. [Citations.] A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, . . . and by investigation of appropriate city and telephone directories [voters' registries and the assessor's office property indices situated near the defendant's last known location] generally are sufficient.'" (*Ibid.* quoting Judicial Council com., § 415.50.)

*Bd. of Trustees of the Leland Stanford Junior Univ. v. Ham*, 216 Cal. App. 4th 330, 337–38 (2013) (alterations within internal quotations in original). "No single formula nor mode of search can be said to constitute due diligence in every case. . . . The question is simply whether [the plaintiff] took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978).

In at least some cases, plaintiffs have used subpoenas to obtain addresses at which to attempt service. *E.g.*, *AF Holdings LLC v. Pecadeso*, No. 3:12-CV-02404-SC JSC, 2013 WL 394190, at *2 (N.D. Cal. Jan. 30, 2013).

In addition to a showing of diligence, California law requires a party seeking service by publication to show that a "cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a)(1). The proponent must offer "independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant." *McNamara v. Sher*, No. 11-CV-1344-BEN WVG, 2012 WL 760531, at *4 (S.D. Cal. Mar. 8, 2012); *see also Zhang v. Tse*, No. C 05-2641 JSW, 2012 WL 3583036, at *3 (N.D. Cal. Aug. 20, 2012) (collecting cases); *City & Cty. of San Francisco v. Upp*, No. A123528, 2011 WL 1197524, at *4−5 (Cal. Ct. App. Mar. 30, 2011) (non-precedential decision examining relevant authority); *Harris v. Cavasso*, 68 Cal. App. 3d 723, 726 (1977).

### B. Cummings Has Diligently Attempted to Locate Hale

Although service by publication is a method of last resort, the Court is satisfied that Cummings is unable to locate a current address for Hale despite reasonable diligence. Without

such information, Cummings cannot serve Hale by any other method specified in Article 3 of the California Code of Civil Procedure, such as personal service, substitute service, or service by mail. Cummings's attorney has spoken to Hale's daughter, who refused to provide Hale's address or contact information, and used a paid investigative search tool to locate a number of potential addresses, the most promising of which the Marshals Service visited on multiple occasions without success. Such efforts meet the standard of questioning relatives and reviewing directories, which the California courts and Judicial Council have described as "generally . . . sufficient." *Ham*, 216 Cal. App. 4th at 338 (citations omitted). While it is conceivable that Cummings could do more—she could perhaps seek to compel further information from Hale's daughter through the use of a subpoena, for example—the standard requires reasonable diligence, not exhaustive efforts to leave no stone unturned, and Cummings has adequately taken "those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel*, 87 Cal. App. 3d at 333. Under these circumstances, where there is good reason to believe that Hale is aware of the action and evading service, *see* Hain Decl. ¶¶ 9−10, Cummings's efforts have been reasonable and sufficient.

### C. Cummings Has Not Demonstrated a Cause of Action by Affidavit

Although Cummings submits a declaration by her counsel attesting to the efforts taken to locate and serve Hale, she has not offered any "independent evidentiary support, *in the form of a sworn statement of facts*, for the existence of a cause of action against the defendant." *McNamara*, 2012 WL 760531, at *4 (emphasis added). Under California law, service by publication is neither appropriate nor valid without such an affidavit. *Id.* Cummings offers her counsel's disclosure statement (previously provided to the United States pursuant to 31 U.S.C. § 3730(b)(2)) and attached documents as evidence, Hain Decl. Ex. 1, but the statute "on its face permits such showing to be made only by affidavit." *Harris*, 68 Cal. App. 3d at 726 (setting aside a judgment where service by publication had been based on facts presented in a verified complaint rather than an affidavit). The disclosure statement does not purport to be an affidavit, is not sworn, and does not demonstrate counsel's personal knowledge of the facts at issue. *See* Hain Decl. Ex. 1. Cummings's motion is therefore DENIED without prejudice to a renewed motion properly

4

supported by an affidavit.

## IV. CONCLUSION

Cummings's motion for service by publication is DENIED for failure to provide an affidavit of facts evincing a cause of action against Hale. Cummings may file a renewed motion for service by publication no later than October 4, 2016, which may incorporate by reference her previous filings demonstrating diligence.

**IT IS SO ORDERED.**

Dated: September 13, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge