UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANCY CUMMINGS, et al.,<br><br>              Plaintiffs,<br><br>      v.<br><br>MARY E. BRANTLEY HALE, et al.,<br><br>              Defendants. | Case No.  15-cv-04723-VC<br><br>**ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT AND DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 97 |

The motion to set aside the entry of default and the default judgment is granted.

1. Three factors are relevant when assessing whether to set aside an entry of default and a default judgment: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).  "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk*, 739 F.2d at 463.  To receive relief, the movant must have filed her motion within a reasonable time.  Fed. R. Civ. P. 60(c)(1).

Brantley Hale has filed her motion within a reasonable time, given that she apparently first learned of the suit in or around November 2017.  *See* Dkt. No. 98-1, Hain Decl. ¶¶ 11-12.  And all three factors weigh in favor of setting aside the default judgment.  First, there is no indication that Cummings' "ability to pursue h[er] claim will be hindered." *Falk*, 739 F.2d at 463; *see also TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001).  Second, Brantley Hale has provided declarations stating facts "that, if true, would constitute a defense" to

a number of Cummings' claims. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010). These claims include, at a minimum, Cummings' claims under California Civil Code sections 1942.4 and 1950.5(l), her claim under the Unfair Competition Law, and her claim under San Francisco Administrative Code section 37.10B. *See* Dkt. No. 97-2, Wheatley Decl. ¶¶ 8-16; Dkt. No. 97-3, Martinez Decl. ¶¶ 6-13. Third, Brantley Hale has provided evidence that she did not receive actual notice of the lawsuit, and that since suffering a serious heart attack in 2013, she has been living with family in various locations around the country. Dkt. No. 97-1, Brantley Hale Decl. ¶¶ 3-4, 7. This is not culpable conduct. *See Falk*, 739 F.2d at 464; *Knoebber*, 244 F.3d at 697.

    2. When setting aside an entry of default and default judgment, the Court can impose conditions to prevent injustice. *See Falk*, 739 F.2d at 463; *see also Brandt*, 653 F.3d at 1110 n.1. Here, given that one of Brantley Hale's daughters who was actively involved in managing the property at issue had at least some knowledge of the suit before default occurred, reopening of the case is conditioned on compensating Cummings $3500.00 for out-of-pocket costs spent on service by publication and executing the judgment.

    3. A case management conference is set for June 21, 2018 at 2:00 p.m. The parties must submit a case management statement by June 14, 2018. The clerk of the court is directed to reopen the case.

    **IT IS SO ORDERED.**

Dated: May 23, 2018

_____
VINCE CHHABRIA
United States District Judge